UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

FIRST STATE INSURANCE COMPANY, NEW
ENGLAND INSURANCE COMPANY, TWIN
CITY FIRE INSURANCE COMPANY, and          Civil Action No.: 1:25-cv-01418-JGK
HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

                         Plaintiffs,

        -against-

UNITED JEWISH APPEAL-FEDERATION OF
JEWISH PHILANTHROPIES OF NEW YORK,
INC., and THE SHOREFRONT YM-YWHA OF
BRIGHTON-MANHATTAN BEACH, INC.

                         Defendants.
------------------------------------------------------------------- X


## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned

attorneys for the respective parties in this action, that this Stipulated Protective Order ("Order")

shall govern the handling of discovery in this action, including but not limited to documents,

deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to

admit and other written, recorded or graphic matter ("Discovery Material") produced by or

obtained from any party or non-party respondent from whom Discovery Material may be sought

(the "Producing Party") during this litigation. Throughout this Order, the term "Discovery

Material" shall also include any documents or information exchanged between the parties prior

to the initiation of this litigation, concerning the subject matter thereof, pursuant to a written

confidentiality agreement.

- 1 -

Case 1:25-cv-01418-JGK    Document 54    Filed 11/25/25    Page 2 of 10

1.    Scope of Materials That May Be Designated "Confidential".    As used herein, the term "Confidential Discovery Material" means any Discovery Material that a party believes, in good faith, includes personal information or confidential, commercial, proprietary business information or non-public financial data, or implicates the commercial, proprietary or reputational interests of third parties.

2.    Use of Confidential Discovery Material.    Any Confidential Discovery Material, whether produced in this action or provided from any other source (including any and all materials exchanged between the parties prior to the initiation of this litigation concerning the subject matter thereof pursuant to a written confidentiality agreement), shall be used solely for the purposes of this action to the extent set forth in Paragraph 4, and such Confidential Discovery Material shall not be made available or disclosed to persons other than those defined in Paragraph 9 of this Order.

3.    Use of Own Confidential Discovery Material.    Notwithstanding any other provision of this Order, nothing herein shall (a) limit a party's use or disclosure of Discovery Material that was originally created by that party or (b) limit the use or disclosure by a party of documents, materials, or information lawfully obtained by such party independent of the discovery proceedings in this litigation, except to the extent that such documents, materials, or information were encompassed by a written confidentiality agreement.

4.    Agreement to Use Confidential Discovery Material for This Litigation Only.    Any person receiving Confidential Discovery Material may use such Confidential Discovery Material only in connection with this action. By way of example and not of limitation, Confidential Discovery Material may not be used for any commercial purposes or in connection

Case 1:25-cv-01418-JGK    Document 54    Filed 11/25/25    Page 3 of 10

with any other existing or future civil or arbitration proceeding, except this action or an arbitration between the parties as respects the claims in this action.

5. Reservation of Right to Object to Admissibility of Any Discovery Material. The production of any Discovery Material in connection with this action shall not be a waiver of any party's right to object on any basis to the admissibility of such Discovery Material in this action.

6. Privileged Material. Privileged material means information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine (hereinafter referred to as "Privileges").

7. Manner of Designating Confidential Discovery Material. When a party elects to designate Discovery Material as Confidential Discovery Material, it shall do so by written notice to the other party.  Such notice shall be sent to counsel to the other party, within ten (10) business days after the later of either (a) entry of this Protective Order or (b) production of the subject material. Written notice of the designation of Confidential Discovery Material produced by a party may be accomplished by affixing a "Confidential" stamp on the specific documents so designated. The parties shall designate depositions or other pretrial testimony confidential by written notice, sent by counsel to all parties, within ten (10) business days after the receipt of a copy of the transcript. Until expiration of the ten (10) business day period, all production material, depositions and other pretrial testimony shall be deemed "Confidential" and treated as if so designated.

8. Objection to Designation of Discovery Material as "Confidential Discovery Material".  If any party objects to the designation of any Discovery Material as Confidential Discovery Material the party shall state the objection by letter to counsel for the designating

party. The parties are required to confer in a good faith effort to resolve the objection. If the parties are unable to resolve the objection within fourteen (14) days of the letter stating the objection, the designating party may move the Court to designate the Discovery Material as Confidential Discovery Material and the burden will be on the designating party to show good cause for the Confidential Discovery Material designation and the application of this Protective Order to the subject Discovery Material. If such a motion is filed within fourteen (14) days of the letter stating the objection, the Discovery Material shall continue to be deemed Confidential Discovery Material under the terms of this Protective Order until the Court rules on the motion. If no such motion is filed within fourteen (14) days of the letter stating the objection, then as of the fifteenth day after the date of the letter stating the objection, the Discovery Material shall no longer be deemed Confidential Discovery Material under the terms of this Protective Order. To the extent Discovery Material originally designated as Confidential Discovery Material is stamped "Confidential" but is no longer "Confidential" as a result of the failure of the designating party to move the Court to designate the Discovery Material as Confidential Discovery Materialor as the result of a Court ruling on a motion made pursuant to this paragraph, the Producing Party shall, within ten (10) days thereafter, re-produce such Discovery Material without any such stamp "Confidential." To the extent the Producing Party fails to do so, any party may thereafter redact any "Confidential" designation stamped on the document.

9.      Disclosure of Confidential Discovery Material. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, but only to the extent

- 4 -

reasonably necessary for purposes of this action or as necessary to comply with the obligations

of law or contract as provided in subparagraphs (g) and (h) below:

(a)     inside counsel or outside counsel of record to the parties in this action, or attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(b)     directors, officers and employees of the parties, or any subsidiaries or affiliates thereof;

(c)     potential trial or deposition witnesses and their counsel, during the course of or in preparation for depositions or testimony in connection with this action;

(d)     any person who is identified as the author or recipient of a document designated as Confidential Discovery Material;

(e)     experts or consultants (including their employees, associates, support staff and other persons retained by them for assistance) specifically retained by the parties for purposes relating to this action;

(f)     the Court, persons employed by the Court, the jury (if any) or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(g)     auditors and regulators as necessary to comply with obligations of law or contract;

(h)     insurers, reinsurers and retrocessionaires as necessary to comply with obligations of law or contract; and

(i)     any other person only upon order of the Court or with the written consent of the Producing Party.

10.     <u>Agreement to Be Bound by Stipulation and Order of Confidentiality.</u> Prior

to disclosure of Confidential Discovery Material pursuant to Paragraph 9 above, each person to

whom disclosure is made shall be informed by the disclosing party of the existence and

provisions of this Order. Any person identified in subparagraphs (c), (e), (g), (h), or (i) of

Paragraph 9 to whom disclosure is made shall agree to be bound by the terms stated in this Order

by executing a confidentiality agreement substantially in the form of Exhibit 1. Original copies

- 5 -

of the signed confidentiality agreements shall be obtained and retained by counsel of record for the party who was responsible for permitting access to the Confidential Discovery Material. Such copies for any witness who testifies at deposition and/or trial shall be provided to counsel for the Producing Party on request before any testimony by that witness.

11.     Filing Confidential Discovery Material with the Court.  If a party seeks to file Confidential Discovery Material produced by any other party with the Court, the party must give advance notice as soon as reasonably practicable, including the identity of the specific documents at issue. If any party so requests, the Confidential Discovery Material shall be filed under seal in accordance with the procedure set forth in the United States District Court for the Southern District of New York Local Rule 5.2, the ECF Rules & Instructions, and Standing Order M10-468 and accompanied by a motion to seal from the requesting party. Similarly, if any information designated Confidential Discovery Material become incorporated in, or attached as exhibits to, any affidavits, discovery response, deposition transcript, motions, briefs, memoranda, hearing transcripts, trial transcripts, or exhibits to be filed with this Court, such papers shall be filed with the Clerk of the Court in accordance with the procedure set forth in United States District Court for the Southern District of New York Local Rule 5.2, the ECF Rules & Instructions, and Standing Order M10-468. Nothing in this Order shall limit any party's rights under Fed. R. Civ. P. 5.2.

12.     Confidential Status Retained.  In the event that any Confidential Discovery Material is used in any court proceeding in this action, that Confidential Discovery Material shall keep its status as Confidential Discovery Material. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

13.    No Waiver of Privilege for Inadvertent Production of Documents.    The inadvertent production of any document subject to any Privileges is not intended to be, and shall not operate as, a waiver of any such Privileges, in whole or in part.    Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any claim that a party has made an inadvertent production of information subject to any Privileges shall be addressed in accordance with the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

14.    Response to Subpoena or Other Legal Process.    If any person receiving documents covered by this Order is served with a subpoena, request for production of documents or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking Confidential Discovery Material, that person shall give timely notice to the Producing Party in order to provide the Producing Party with a reasonable opportunity to assert any objection to the requested production. If the Producing Party objects to the production, the receiving party shall assert such objection as necessary to preserve it and the Producing Party's Confidential Discovery Material shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production or other legal process. The Producing Party shall be solely responsible for prosecuting any objection to the requested production. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Stipulated Protective Order to challenge or appeal any such order requiring production of Confidential Discovery Material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any such Order, or to seek any relief from this Court.

- 7 -

15.    Return or Destruction of Confidential Discovery Material.   Except as required for legal purposes, including records retention by attorneys under New York law, within thirty (30) days after a judgment or dismissal in this litigation becomes final and nonappealable, all persons having received Confidential Discovery Material shall either (i) return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or (ii) destroy all such Confidential Discovery Material and certify that fact.   Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and each counsel's own work product, provided that such counsel, and employees of such counsel, shall not disclose any such material that contains or refers to Confidential Discovery Material or is not otherwise part of the public record to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph 15.

16.    Headings.   The headings set forth in the numbered paragraphs of this Order are for convenience only, and shall not be used to expand, limit, or interpret the substantive terms of this Order.

17.    Reserved Rights.   Entering into, agreeing to and/or complying with the terms of this Order shall not (a) be deemed a waiver of any applicable privilege, (b) require a party to produce any document, information or material or (c) prejudice in any way the right of a party to contend that a particular document, information or material, or category of documents, information or material, is irrelevant, non-responsive or is otherwise not required to be produced.

18.    Stipulation Effective Immediately.   The parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

- 8 -

19.   <u>Continuing Effect of Stipulation and Order of Confidentiality.</u>   The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action.

20.   <u>Retention of Jurisdiction.</u>   The Court retains jurisdiction to make amendments, modifications and additions to this Order. Any party may apply to the Court for amendment or modification of or addition to this Order at any time for good cause.

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFFS<br>MOUND COTTON WOLLAN AND<br>GREENGRASS | ATTORNEYS FOR DEFENDANT<br>THE SHOREFRONT YM-YWHA OF<br>BRIGHTON-MANHATTAN BEACH, INC. |

ATTORNEYS FOR DEFENDANT<br>THE SHOREFRONT YM-YWHA OF<br>BRIGHTON-MANHATTAN BEACH, INC.

GALLO VITUCCI KLAR LLP

By:   _/s/ Lloyd A. Gura_

Lloyd Andrew Gura (LAG 0500)
Raymond S. Mastrangelo (RSM 1327)
Andrew T. Cameron
One New York Plaza, 44th Fl.
New York, New York 10004
T: (212) 804-4200
F: (212) 344-8066
lgura@moundcotton.com
rmastrangelo@moundcotton.com
acameron@moundcotton.com

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

Date: _____11/25_____, 2025

By:   _/s/ Aaron F. Fishbein_

Aaron F. Fishbein (AFF 9801)
Jonathan Greisman
90 Broad St., 12th Fl.
New York, NY 10004
T: (212) 683-7100
F: (212) 683-5555
afishbein@gvlaw.com

ATTORNEYS FOR DEFENDANT
UNITED JEWISH APPEAL-FEDERATION
OF JEWISH PHILANTHROPIES OF NEW
YORK, INC.

CLAUSEN MILLER P.C.

By:   _/s/ Jacob R. Zissu_
Jacob Royal Zissu
28 Liberty Street, Fl. 39
New York, NY 10005
T: (212) 805-3900
F: (212) 805-3939
jzissu@clausen.com

ENTERED: _____
U.S.D.J.

## EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

FIRST STATE INSURANCE COMPANY, NEW
ENGLAND INSURANCE COMPANY, TWIN
CITY FIRE INSURANCE COMPANY, and          Civil Action No.: 1:25-cv-01418-JGK
HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

Plaintiffs,

-against-

UNITED JEWISH APPEAL-FEDERATION OF
JEWISH PHILANTHROPIES OF NEW YORK,
INC., and THE SHOREFRONT YM-YWHA OF
BRIGHTON-MANHATTAN BEACH, INC.

Defendants.
------------------------------------------------------------------- X

## AGREEMENT TO BE BOUND BY ORDER OF CONFIDENTIALITY

I hereby certify my understanding that "Discovery Material" and "Confidential Discovery Material" are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the United States District Court for the Southern Ditrict of New York on _____, 20__ in the captioned action. I have read the Stipulated Protective Order and understand its terms. I agree to be fully bound by the Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern Ditrict of New York for purposes of enforcement thereof.

Signature: _____

Date: _____

Printed Name: _____

Title/Company: _____

- 10 -